### COHEN et al. v. SIMON STRAUSS, Inc.

(Supreme Court, Appellate Term, First Department.   February 7, 1913.)

1. LANDLORD AND TENANT (§ 152*)—LEASE—CONSTRUCTION—ALTERATION— "PREMISES."

A lease of the ground or first floor of a building allowing the tenant to make alterations on the "premises," did not permit the tenant to lower the floor three feet at one end for the purpose of making a moving picture house out of it, since that would be extending the alterations off the "premises"; the basement being rented to another tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 538–557; Dec. Dig. § 152.*

For other definitions, see Words and Phrases, vol. 6, pp. 5509–5513; vol. 8, p. 7761.]

2. EVIDENCE (§ 393*)—LEASE—WRITTEN INSTRUMENT—PAROL EVIDENCE.

In an action by a tenant, suing for a deposit, having canceled the lease on the ground that the owner would not let him lower the floor, where the lease provided that he could make alterations "on the premises," being the first floor, the basement being rented to another party, conversations had before the execution of the lease as to lowering the floor were not admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1736–1744; Dec. Dig. § 393.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

---

Action by Lester D. Cohen and others against Simon Strauss, Incorporated. Judgment for plaintiffs, and defendant appeals. Reversed.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Arnold Lichtig, of New York City, for appellant.

Louis W. Osterweis, of New York City, for respondents.

PAGE, J. This action was brought to recover $500 deposited by the plaintiffs, as tenants, upon the making of a lease with the defendant, as stated in the lease,

"to be held by the lessor for the punctual payment of the rent, and the faithful performance of the covenants, conditions, and agreements in this lease set forth."

The lease further provides that the lessee shall have the right to cancel this lease at any time prior to the 9th day of May, 1912, upon written notice to the lessor,

"whereupon the sum of $500 mentioned in the preceding paragraph of this lease shall be retained by the lessor and become its absolute property, as liquidated and stipulated damages, against which the lessees shall have no claim of any kind whatsoever, and the parties hereto stipulate to treat the said sum as liquidated damages in such event, because the exact amount of damages which the lessor would sustain in that event is difficult, if not impossible, of ascertainment; and this lease, and the term hereby granted, shall thereupon cease and come to an end, and neither of the parties hereto shall have any further claim against the other."

The plaintiff on the 8th day of May, 1912, gave written notice of their election to terminate the lease, and demanded the return of the $500. The theory on which the plaintiffs predicate their right to recover is that the defendant had refused to allow them to slope the floor of the premises three feet, and that without so doing they would be unable to use the premises for a "moving picture house," for which use they had hired the premises. The plaintiffs claim this right upon the terms of the lease and a conversation had with the defendant's president prior to the execution of the lease. The premises demised was:

"The ground floor or store floor of the premises commonly known as No. 225 West 116th street, together with additional space in the ground floor of four feet front and rear in the extreme westerly portion of the adjoining building known as 223 West 116th street."

[1] A clause of the lease provides that:

"The lessees shall have the right, upon complying with such conditions as the owner of the building may impose, to make alterations and improvements on the said premises, but at their own cost and expense, so as to make same more desirable for the business to be conducted by the lessees therein."

The plaintiffs thereupon had plans prepared for extensive alterations in the premises. The particular change to which objection was made by the defendant was a lowering of the floor three feet at one end of the building and by a gradual slope, bringing it to the former floor level at the entrance, thus appropriating that much·

additional space from the basement, which had been leased to another tenant. The tenants claim that, as this would make the premises more desirable for their business, they had the right to make this alteration; and the learned trial judge seems to have agreed with their contention.

That this is an erroneous construction of the clause of the lease above quoted is too clear to require extended argument. The "premises" upon which the plaintiffs were permitted to make alterations and improvements were the demised premises—i. e., that portion of the building known as the ground or first floor—and did not give the plaintiffs a right to appropriate other portions of the building. It would have made the premises more desirable for the business that plaintiffs intended to conduct, if the ceiling was 22 feet high, instead of 12. Respondents would hardly urge that by reason thereof they had the right to appropriate the apartment over the store and tear out the floor, so that they might secure the additional height of ceiling. The principle is the same. If they had the right to take three feet of a portion of the building distinct from that demised, why not ten?

[2] The court properly excluded the conversation had before the lease was signed. The plaintiffs exercised the right they had under the lease to cancel it, and by that act the defendant was to retain the $500 as liquidated damages, especially as it was conceded at the opening of the case that defendant's actual damage had exceeded that sum.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.